IN THE UNITED STATES BANKRUPTCY COURT
Northern District of Iowa

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| Nolan Otto DeWall and | : | Case No. 21-00657 |
| Amanda Sue DeWall | : | |
| | : | Chapter 12 |
| Debtors. | : | |
| _____ | | |
| | | |
| Harold and Julie Sorensen, | : | |
| | : | |
| Plaintiffs, | : | Adversary Proceeding No. _____ |
| | : | |
| v. | : | |
| | : | |
| Nolan Otto DeWall, | : | COMPLAINT |
| | : | |
| Defendant. | : | |

COMES NOW, Harold and Julie Sorensen (the "Plaintiffs"), by and through its

undersigned counsel, and hereby in support of its Complaint, states and shows to the Court the

following:

## PARTIES

1.      This is a proceeding objecting to the dischargeability of debts, and for a

determination of non-dischargeability of debts, and for an entry of judgment on

nondischargeable debts. As such, this matter is properly brought as an adversary proceeding

pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

2.      Plaintiffs, Harold and Julie Sorensen are residents of Black Hawk County, Iowa.

3.      Defendant, Nolan Otto DeWall (hereafter "Defendant") is a resident of Black

Hawk County, Iowa.

1

4.      Nolan DeWall is the Debtor in the above captioned bankruptcy case which he commenced jointly with his spouse on July 20, 2021.

## JURISDICTION

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under 11 U.S.C. § 523(a).

## VENUE

6.      Venue lies in the Northern District of Iowa under 28 U.S.C. § 1409(a); all parties are residents of the Northern District of Iowa.

## CORE STATUS

7.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1) as Plaintiffs seek determination as to the dischargeability of a debt under 11 U.S.C. § 523(a).

## FACTUAL BACKGROUND

8.      Plaintiffs and Defendant were shareholders of Voorhies Grain, Inc., (hereinafter referred to as "Voorhies") a grain elevator in the business of storing, buying, and selling grain and other farm-related products.

9.      Plaintiffs hired Defendant to serve as the Manager of Voorhies, and Defendant oversaw the day-to-day operations of Voorhies.

10.     Defendant acquired shares of Voorhies and increased his status as a shareholder by virtue of his managerial duties.

11.     Plaintiffs became more passive in the endeavor as Defendant's role as Manager increased to the point where Defendant was in charge of virtually all of the day-to-day decisions and operations of Voorhies, to the exclusion of all other shareholders.

12.     To fund ongoing operations, Voorhies received financing from GNB Bank in Grundy Center, Iowa.

13.     In order to induce GNB Bank to supply financing to Voorhies, Plaintiffs Harold and Julie Sorensen personally guaranteed repayment of the promissory notes executed by Voorhies.

14.     Specifically, GNB Bank loaned $6,000,000.00 to Voorhies pursuant to a promissory note dated November 3, 2016.  GNB Bank loaned another $2,500,000.00 to Voorhies pursuant to a promissory note dated October 26, 2017.  This promissory note matured April 25, 2019.

15.     As collateral for these notes, Plaintiff's Harold and Julie Sorensen personally guaranteed the notes.

16.     In an effort to induce GNB Bank to approve these loans and finance Voorhies, and in an effort to induce Harold and Julie Sorensen to personally guaranty these loans, Defendant intentionally and knowingly made false representations to GNB Bank and to Plaintiffs regarding the inventory, collateral position, and the financial status of Voorhies.  Defendant's statements and actions were fraudulent.

17.     In an effort to induce the bank to lend money to Defendant's company, and in order to induce Plaintiffs to personally guarantee the loan from the bank to Defendant's company (Voorhies), Defendant prepared and presented to the bank and to Plaintiffs false and counterfeit grain warehouse receipts, which falsely represented the amount of grain inventory available to be used as collateral to secure the loans from the bank, and to induce the personal guarantees from the Plaintiffs.

18.    Defendant prepared and presented false information for the preparation of false and fraudulent financial statements and financial documentation relied upon by the bank in approving financing for Voorhies, which was relied upon by Plaintiffs in personally guaranteeing the loans to the bank.

19.    Defendant intentionally misrepresented to the bank and to the Plaintiffs the quantity and quality of Voorhies Grain, Inc. assets, inventory, grain, and chemicals for the purpose of securing $8.5 million in financing between November 2016 through October 2017, representations that were relied upon by the bank in its decision to extend financing to Voorhies, and representations that were relied upon by Plaintiffs in personally guaranteeing the loans to the bank.

20.    While under the management and control of Defendant, Voorhies lost chemical inventory with an approximate value of $500,000.00.  The reduction in collateral harmed Plaintiffs in that the shortfall was covered and paid for by Plaintiffs by virtue of the personal guarantee that it made on the Voorhies loans to the bank.

21.    While under Defendant's management and control, Voorhies grain inventory was overstated as significant amounts were missing, or in transit and unaccounted for.

22.    Defendant represented to the bank and to Plaintiffs that several grain bins contained exclusively bushels of beans, when in reality the bins contained several thousand bushels of corn mixed in with the bushels of beans at the bottom of the bins to make it fraudulently appear that more bean inventory existed.  The reduced value in inventory caused damages to the bank, and to Plaintiffs.  The mixture of collateral caused additional damage to the collateral through spoilage.

4

23.    In order to induce additional financing from the bank and from Plaintiffs, Defendant fraudulently under-reported the amount of damaged grain, causing damage to the bank and to Plaintiffs.

24.    As a result of Defendant's fraud, GNB Bank filed a "Theft / Fraud" claim with its insurer Zurich American Insurance Company / Colonial American Casualty & Surety on June 26, 2019, alleging, among other allegations, that Defendant Nolan DeWall made misrepresentations of material fact to GNB Bank and to the Iowa Department of Agriculture on or about May 2017 through May 2018 in the form of "false and misleading financial statements, false and misleading grain inventories, mysterious and unexplained missing chemical inventory, counterfeiting of grain warehouse receipts for collateral purposes in order to secure additional financing and the extension of credit by purporting there was a certain amount of grain inventory and that quality and condition of the grain inventory was available for sale as #2 quality grain."

25.    GNB Bank sought payment from Plaintiffs Harold and Julie Sorensen on the personal guarantees they signed, securing the Voorhies notes.

26.    GNB Bank and the Sorensens entered into a loan agreement on September 5, 2019 (loan number 4191220) for the repayment of the personally guaranteed Voorhies debt in the amount of $3,422,935.00.

27.    GNB proved to its bond company that Defendant Nolan DeWall engaged in fraud and thereby recovered $1,500,000.00 on its fraud claim, and applied $1,160,502.65 toward the Voorhies debt.  Additional Voorhies collateral was sold and applied toward the Voorhies debt in the amount of $192,711.51, leaving a principal balance owed on this note 4191220 of $2,069,720.84.

28. Plaintiffs made an interest payment of $80,837.85 to GNB Bank on June 30, 2020.

29. The loan continues to accrue interest at 4.25%.

30. This loan is a direct result of the liability Plaintiffs have incurred on its personal guarantee of debt owed to GNB Bank by Voorhies. Plaintiffs would not have provided a personal guarantee had Defendant not deceived Plaintiffs with the counterfeit grain receipts, false financial statements, or engaged in fraud, and would therefore not be in debt to the bank on note 4191220.

<u>COUNT I</u>
<u>11 U.S.C. § 523(a)(2)(A)</u>

31. Plaintiffs restate and re-allege paragraphs 1-29 as if fully set forth herein.

32. Defendant Nolan DeWall obtained financing from GNB Bank that was personally guaranteed by Plaintiffs, and obtained such financing by false pretenses, false representations, or actual fraud.

33. Defendant intentionally diluted bean inventory for the purpose of deceiving Plaintiffs to induce Plaintiffs into extending credit to Defendant's company, and personally guaranteeing that debt. It further caused damage as a result of reduced inventory to serve as collateral resulting from the spoilage of the crop.

34. Defendant's conduct was intentional, and was done with the intent to deceive Plaintiffs.

35. As a proximate result of Defendant's fraud, Plaintiffs have been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25 % per annum, plus costs of this action.

## COUNT II
### 11 U.S.C. § 523(a)(2)(B)

36.     Plaintiffs restate and re-allege paragraphs 1-35 as if fully set forth herein.

37.     Defendant provided GNB Bank and Plaintiffs with false financial statements and counterfeit grain warehouse receipts, among other fraudulent documents, intentionally, and with the intent to deceive Plaintiffs.

38.     These documents were materially false respecting Defendant's company, upon which GNB Bank and Plaintiffs reasonably relied in extending further credit and personally guaranteeing the debt.

39.     As a proximate result of Defendant's fraud, Plaintiffs have been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25 % per annum, plus costs of this action.

## COUNT III
### 11 U.S.C. § 523(a)(4)

40.     Plaintiffs restate and re-allege paragraphs 1-39 as if fully set forth herein.

41.     Defendant was the acting manager of Voorhies, and was acting in a fiduciary capacity to Plaintiffs as a co-shareholder and as the manager of the company when he engaged in fraud by intentionally supplying Plaintiffs and GNB Bank with materially false information about the financial condition and collateral position of Voorhies.

42.     Defendant committed fraud by mixing grain in the grain bins for purposes of deceiving Plaintiffs as to Voorhies collateral position for the purpose of inducing additional financing, and for failing to account for significant quantities of inventory.

43.     As a proximate result of Defendant's fraud, Plaintiffs have been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25 % per annum, plus costs of this action.

COUNT IV
11 U.S.C. § 523(a)(6)

44.     Plaintiffs restate and re-allege paragraphs 1-43 as if fully set forth herein.

45.     Defendant's intentional misrepresentations were done with the intent to deceive Plaintiffs into extending credit to Defendant's company, credit that otherwise would not have been extended or personally guaranteed had Defendant not engaged in fraudulent conduct.

46.     Defendant's misrepresentations were willful and malicious, causing damage to Plaintiffs and to Plaintiffs' property.

47.     As a proximate result of Defendant's fraud, Plaintiff has been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25 % per annum, plus costs of this action.

WHEREFORE, Harold and Julie Sorensen request the following relief:

A.     An order entering judgment against the Defendant Nolan DeWall in the amount of $2,069,720.84 principal, plus pre-filing interest in the amount of $80,837.85 (plus additional accrued pre-filing interest), plus post-filing interest at the rate of 4.25% per annum from the date of filing this complaint, plus all costs of this action, and for any other relief that the Court deems fair and equitable.

B.     An order finding that the judgment to be entered herein is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(2)(B), § 523(a)(4), and § 523(a)(6).

8

Respectfully submitted,


  */s/ Kevin D. Ahrenholz*
Kevin D. Ahrenholz      AT0000438
For BEECHER, FIELD, WALKER,
MORRIS, HOFFMAN & JOHNSON, P.C.
620 Lafayette Street, Suite 300
Waterloo, IA 50704
PHONE: 319-234-1766
FACSIMILE: 319-234-1225
Attorney for Plaintiffs


CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the following persons indicated below:

US Trustee
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA  52401-2101

Carol F. Dunbar, Trustee
2616 Orchard Dr., Ste. B
Cedar Falls, IA 50613

Ronald C. Martin
P.O. Box 2877
Cedar Rapids, IA 52406

Harold & Julie Sorensen
6903 Ranchero Rd.
Cedar Falls, IA 50613


     by ECF, or by enclosing the same in an envelope with postage fully paid, and by depositing said envelope in a United States Postal Service depository in Waterloo, Iowa.  I declare under penalty of perjury that the foregoing is true and correct.

     Dated this 1st day of November, 2021.


  */s/ Courtney Petersen*

9