## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Bankruptcy No. 21-00657 |
| NOLAN OTTO DEWALL and   AMANDA SUE DEWALL, | Chapter 12 |
| Debtors.<br>--------------------------------------------------------- | Adversary No. 21-09028 |
| HAROLD AND JULIE SORENSEN,<br><br>Plaintiffs,<br><br>v.<br><br>NOLAN OTTO DEWALL,<br><br>Defendant. | DEFENDANT'S MOTION TO DISMISS THE ADVERSARY COMPLAINT |

COMES NOW the Defendant, Nolan Otto DeWall, by and through his undersigned counsel, and for his Motion to Dismiss the Adversary Complaint filed herein November 1, 2021 (Doc. 1)(the "Adversary Complaint") states as follows:

## PROCEDURAL POSTURE

1. On July 20, 2021 ("the Petition Date"), Nolan Otto DeWall (the "Debtor") filed a petition for Chapter 12 relief in the United Stated Bankruptcy Court for the Northern District of Iowa, Bankruptcy Case No. 21-00657.

2. On September 28, 2021, Harold and Julie Sorensen filed Proof of Claim #9 asserting an unsecured claim in the amount of $2,069,720.84. The Proof of Claim is supported by a promissory note in which the obligor is Voorhies Grain and not either Sorensen.

3. On November 1, 2021, Harold and Julie Sorensen filed the instant Adversary Proceeding. In their original complaint the Plaintiffs sought to have Debtor excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

## BACKGROUND FACTS

4. Voorhies Grain, Inc. ("Voorhies") filed its Articles of Incorporation in 1967. Harold Sorensen first became an officer of Voorhies in 2008 and Julie Sorensen became an officer of the company in 2010.

5. Voorhies received financing from GNB Bank in Grundy Center, Iowa to fund the corporation's operations. On November 3, 2016, GNB Bank loaned $6,000,000.00 to Voorhies pursuant to a promissory note. On October 26, 2017, GNB Bank loaned an additional $2,500,000.00 to Voorhies pursuant to a promissory note.

6. Both promissory notes were personally guaranteed by Plaintiffs Harold and Julie Sorensen.

7. Voorhies Grain, Inc. ultimately failed. It was unable to service its debts. As primary secured creditor GNB Bank liquidated Voorhies Grain, Inc.'s assets.

8. Voorhies Grain, Inc. was administratively dissolved in 2020.

## ARGUMENT

### I.   FAILURE TO STATE A CLAIM

9. Plaintiffs allege that Debtor Nolan DeWall is not entitled to discharge of his debts pursuant to:

    a. 11 U.S.C. § 523(a)(2)(A) (Count I),

    b. 11 U.S.C. § 523(a)(2)(B) (Count II),

    c. 11 U.S.C. § 523(a)(4) (Count III), and

    d. 11 U.S.C. § 523(a)(6) (Count IV).

10. Federal Rule of Bankruptcy Procedure 7012 incorporates Federal Rule of Civil Procedure 12(b)-(i). Rule 12(b)(6) provides that a defendant may seek to dismiss a complaint when the complaint fails to state a claim upon which relief can be granted.

11. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the United States Supreme Court explained the analysis for considering a Motion to Dismiss under 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not shown— "that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2).

> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

## 11 U.S.C. § 523(a)(2)(A) – Count I

12. Plaintiffs allege that Debtor's debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because Debtor obtained financing from GNB Bank that was personally guaranteed by Plaintiffs, and obtained such financing by false pretenses, false representations, or actual fraud.

13. Section 523(a)(2)(A) provides that a debtor is not discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or other refinancing of credit, to the extent obtained by–
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

14. For nondischargeability of a debt under 11 U.S.C. § 523(a)(2)(A), the plaintiff must prove, by a preponderance of the evidence, that:

> (1) the debtor made false representations;
> (2) the debtor knew these representations were false at the time they were made;
> (3) the debtor made these representations with the intention and purpose of deceiving the creditor;
> (4) the creditor justifiably relied on the representations; and
> (5) the creditor sustained the alleged injury as a proximate result of the representations having been made.

See In re Ophaug, 827 F.2d 340, 342 n.1 (8th Cir. 1987); See also Matter of Stewart, 91 B.R. 489, 494 (Bankr. S.D.Iowa 1988)(creditor must show (1) debtor knowingly made a false representation; (2) debtor intended to deceive the creditor; and (3) the creditor relied upon the false representation).

15. Additionally, Federal Rule of Bankruptcy Procedure 7009 incorporates Federal Rule of Civil Procedure 9. Rule 9(b) states: "In alleging fraud or mistake, party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

16. At paragraphs 33 and 34 of the Adversary Complaint, Plaintiffs make the bare assertions that Debtor "intentionally diluted bean inventory for the purpose of deceiving Plaintiffs to induce Plaintiffs into extending credit to Debtor's company" and Debtor's conduct was done "with the intent to deceive Plaintiffs." Plaintiffs do not provide any additional facts with particularity as to their allegation that Debtor made false representations.  Further, Plaintiffs do not provide

facts that Debtor knew any representation given was false at the time made, or that the Debtor intentionally, and with the purpose of deceiving Plaintiffs, made false representations.

17. Accordingly, Plaintiffs have not alleged sufficient facts for its Count I to survive Defendant's Motion to Dismiss.

### 11 U.S.C. § 523(a)(2)(B) – Count II

18. Section 523(a)(2)(B) provides that a debtor is not discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or other refinancing of credit, to the extent obtained by–
>> (B) use of a statement in writing—
>>> (i) that is materially false;
>>> (ii) respecting the debtor's or an insider's financial condition;
>>> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>>> (iv) that the debtor caused to be made or published with intent to deceive

19. At paragraph 37 of the Adversary Complaint, Plaintiffs assert that "Defendant provided GNB Bank and Plaintiffs with false financial statements and counterfeit grain warehouse receipts, among other fraudulent documents, intentionally, and with the intent to deceive Plaintiffs." Similar to Count I, Plaintiffs' allegations here are equally flawed. Plaintiffs do not provide any additional facts to show that Debtor made any financial statement with the intent to deceive, nor do Plaintiffs provide any additional facts that any financial statement that may have been given to Plaintiffs was materially false.

20. Accordingly, Plaintiffs have not alleged sufficient facts for its Count II to survive Defendant's Motion to Dismiss.

### 11 U.S.C. § 523(a)(4) – Count III

21. Section 523(a)(4) provides that a debtor is not discharged from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4).

22. It has long been established that the Bankruptcy Act reference to "fiduciaries" applies only to trustees of express trusts. In re Long, 774 F.2d 875 (8th Cir. 1985) (citing Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934)).  The court in In re Long, declined to impose the corporation's fiduciary duties on the Debtor, a stockholder-employee in the corporation, by virtue of his officer status, as to do so would be "outside the special contexts in which the doctrine arose," and the debtor was not a trustee as required to bar discharge under Section 523(a)(4). Long, 774 F.2d at 878–79.  The court noted that "it is the substance of a transaction, rather than the labels assigned by the parties, which determines whether there is a fiduciary relationship for bankruptcy purposes," and "many cases have held that [this] type of relationship is intrinsically more contractual than fiduciary." Id. (citing Davis, 293 U.S. at 334; In re Levitan, 46 B.R. 380, 385 (Bkrtcy. E.D.N.Y. 1985); In re Gallaudet, 46 B.R. 918, 925 (Bkrtcy. D. Vt. 1985); In re Miles, 5 B.R. 458, 460 (Bkrtcy. E.D. Va. 1980)).

23. Debtor in the current matter does not fall within the meaning of "fiduciary" as stated in Section 523(a)(4) of the Bankruptcy Code, because similar to debtor in In re Long, Debtor here was not a trustee as required by Bankruptcy Code and any corporation fiduciary duties should not be imposed here as they are outside the context of bankruptcy.  Thus, Plaintiffs Count III must fail as it is not applicable to Debtor.

24. Alternatively, as stated above, Federal Rule of Bankruptcy Procedure 7009 incorporates Federal Rule of Civil Procedure 9. Rule 9(b) states: "In alleging fraud or mistake, party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

25. At paragraphs 41 and 42 of the Adversary Complaint, Plaintiffs make bare assertions that Debtor "engaged in fraud by intentionally supplying Plaintiffs and GNB Bank with materially

false information about the financial condition and collateral position of Voorhies, Inc." and "mix[ed] grain in the grain bins for purposes of deceiving Plaintiffs." However, similar to Counts I and II, Plaintiffs fail to provide additional facts to support that Debtor actually submitted financial information, let alone materially false information, to Plaintiffs and did so with the intent to deceive.

26. Accordingly, Plaintiffs have not alleged sufficient facts for its Count III to survive Defendant's Motion to Dismiss.

11 U.S.C. § 523(a)(6) – Count IV

27. Section 523(a)(6) provides that a debtor is not discharged from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

28. In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999). The term "willful" for purposes of section 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The category of injury that the Supreme Court envisioned was that of an intentional tort, requiring that the actor intend the "consequences of an act, and not just the act itself." Id. at 62; Restatement (Second) of Torts § 8A cmt. a. An injury is considered malicious when the debtor intended to harm the creditor at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm. Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir. 1996); Johnson v. Miera (In re Miera), 926 F.2d 741, 743 (8th Cir. 1991). In sum, the willful element is satisfied if the injury is the result of an intentional tort. The malicious element is satisfied if, in committing the

intentional tort, the perpetrator intended the resulting harm, or the harm was substantially certain or nearly certain to result. See <u>Waugh</u>, 95 F.3d at 711; <u>Long</u> 774 F.2d at 881.

29. At paragraph 46 Plaintiffs make a bare allegation that Debtor's conduct was "willful and malicious." Plaintiffs fail to provide any additional facts to support this assertion that Debtor acted intentionally to cause harm to the Plaintiffs as needed to fulfill the "willful" element of Section 523(a)(6). Further, Plaintiff made no assertion that the resulting harm was substantially certain to result, and Debtor acted with this intended result in mind in order to satisfy the "malicious" element of Section 523(a)(6). Finally, it is highly unlikely that Debtor intended to hurt Plaintiffs and acted willful and malicious, as any harm to Plaintiffs would result in injury to Debtor as a shareholder in the company.

30. Thus, Plaintiffs have not alleged sufficient facts for its Count IV to survive Defendant's Motion to Dismiss.

31. It follows that Plaintiffs are not entitled to any judgment against Nolan DeWall. Therefore, Plaintiffs have failed to state a claim upon which relief can be granted. The court should dismiss the Adversary Complaint against Nolan DeWall.

WHEREFORE the Defendant respectfully requests that the Court enter an Order GRANTING this Motion to Dismiss, DISMISSING the adversary proceeding against Nolan DeWall, and awarding him reasonable costs and attorney fees incurred in preparing and prosecuting this Motion, and any further relief as is just and equitable under the circumstances.

Dated this 23rd day of November 2021.

Respectfully submitted,

DAY RETTIG MARTIN, P.C.

/s/ Samantha R. Kuntz
Samantha R. Kuntz AT0014985

PO Box 2877
Cedar Rapids, Iowa  52406-2877
Telephone: (319) 365-0437
FAX: (319) 365-5866
E-mail: samantha@drpjlaw.com
ATTORNEY FOR DEBTORS


CERTIFICATE OF SERVICE


The undersigned hereby certifies that on the 23rd day of November 2021, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System. The undersigned further certifies the foregoing document was sent to persons or representatives via electronic mail or U.S. Mail postage pre-paid as set forth below.

Signed: /s/ Rebecca Daniels