IN THE UNITED STATES BANKRUPTCY COURT
Northern District of Iowa

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| Nolan Otto DeWall and | : | Case No. 21-00657 |
| Amanda Sue DeWall | : | |
| | : | Chapter 12 |
| Debtors. | : | |

| | | |
|---|---|---|
| Harold and Julie Sorensen, | : | Adversary Proceeding No. 21-09028 |
| | : | |
| Plaintiffs, | | **PLAINTIFFS' RESISTANCE TO** |
| | : | **DEFENDANT'S MOTION TO** |
| v. | : | **DISMISS THE ADVERSARY** |
| | : | **COMPLAINT** |
| Nolan Otto DeWall, | : | |
| | : | |
| Defendant. | : | |

COME NOW, Harold and Julie Sorensen (the "Sorensens" or the "Plaintiffs"), by and through their undersigned counsel, and in support of their Resistance to Defendant's Motion to Dismiss the Adversary Complaint ("Def. Mot."), state as follows:

The Defendant, Nolan Otto DeWall ("Mr. DeWall" or the "Defendant") claims he is entitled to dismissal of Counts I through IV of the Adversary Complaint pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs have not pled these counts with sufficient particularity. The Defendant also claims that Count III of the Adversary Complaint, i.e. Plaintiff's claim that Mr. DeWall's debt is not dischargeable per 11 U.S.C. §523(a)(4), must be dismissed because Mr. DeWall did not serve as a "fiduciary." (Def. Mot. pp. 5-6). Lastly, the Defendant claims that his debt to Plaintiffs cannot be determined to be non-dischargeable per 11 U.S.C. §523(a)(6) because

1

the Plaintiffs have not adequately pled that Mr. DeWall's actions were "willful" and "malicious."

(Def. Mot. pp. 7-8). The Defendant's arguments lack merit.

I.   **ALL COUNTS IN PLAINTIFF'S ADVERSARY COMPLAINT MEET THE REQUIREMENTS OF RULE 9(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Rule 9(b) of the Federal Rules of Civil Procedure sets the standard for pleading claims involving fraud or mistake. Per this rule, which is applicable to the present dispute per Rule 7009 of the Federal Rules of Bankruptcy Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Fed. R. Civ. Pro. 9(b)*. The relevant case law provides that "Rule 9(b) must still be read in light of the liberal pleading requirement of Rule 8, which only requires a 'short and plain statement' of the claim" and that "plaintiffs are not required to plead with detailed evidence." *Glidepath Holding B.V. v. Spherion Corp.*, 590 F.Supp.2d 435, 451 (S.D.N.Y. 2007)(citing *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d. Cir. 1990) and *Kravetz v. Brukenfeld*, 591 F.Supp. 1383, 1386 (S.D.N.Y. 1984)). Also see *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 220 (8th Cir. 2001)("Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony. . . [A]pplication of Rule 9(b) must 'take account of the general simplicity and flexibility contemplated by the rules")(Citations omitted). "Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiffs can prove no set of facts that would entitle relief." *In re Dawson*, 264 B.R. 13, 16 (Bankr. N.D. Iowa 2001) (citing *In re Cassis*, 220 B.R. 979, 982 (Bankr. N.D. Iowa 1998)).

**A.     The facts set forth in the Adversary Complaint satisfy the particularity requirement of Fed. R. Civ. Pro. 9(b).**

The Defendant claims that the Sorensens have not pled their claims with the particularity necessitated by Rule 9(b), but rather, have relied upon "bare assertions" and conclusory allegations to support each count in the Adversary Complaint.[1] This is false. "Circumstances constituting fraud within the meaning of Rule 9(b) are the facts telling when and where the alleged fraud took place, who was involved, the nature of the fraudulent action and how it was accomplished." *Dawson*, 264 B.R. at 16 (citing *Parnes v. Gateway 2000, Inc.* 122 F.3d 539, 549-50 (8th Cir. 1997)). Mr. DeWall quotes selectively from the sections relating to each specific claim of nondischargeability, while ignoring the fact that the Adversary Complaint contains a separate factual background section detailing both the Defendant's actions and the manner in which these actions resulted in injury to the Plaintiffs. When *all* the alleged facts are considered in the context of the standard set forth in *Dawson* and *Parnes*, it is clear that the Adversary Complaint satisfies the special pleading requirements of Fed R. Civ. Pro. 9(b).

First, with respect to Count I, the claim that Mr. DeWall's debt is non-dischargeable under 11 U.S.C. 523(a)(2)(A), because it was obtained by "false pretenses, a false representation, or actual fraud," the Defendant states, "[a]t paragraphs 33 and 34 of the Adversary Complaint, Plaintiffs make the bare assertions that Debtor 'intentionally diluted bean inventory for the purpose of deceiving Plaintiffs to induce Plaintiffs into extending credit to Debtor's company' and Debtors' conduct was done 'with the intent to deceive Plaintiffs.'" (Def. Mot. ¶16). The

---

[1] The Defendant only cites to Rule 9(b) in its argument regarding Count I and its alternative argument regarding Count III. However, he makes statements which indicate that he believes the Adversary Complaint also fails to meet this standard with respect to Counts II and IV. With respect to Count II, the Defendant claims that Plaintiffs fail to "provide any additional facts that any financial statement that may have been given to Plaintiffs was materially false" and that "Plaintiffs have not alleged sufficient facts for its Count II to survive Defendant's Motion to Dismiss." (Def. Mot. ¶¶19, 20). With respect to Count IV, the Defendant claims that "Plaintiffs fail to provide any additional facts to support this assertion that Debtor acted intentionally . . ." and that "Plaintiffs have not alleged sufficient facts for its Count IV to survive Defendant's Motion to Dismiss." (Def. Mot. ¶¶29, 30).

factual background section of the Adversary Complaint, however, provides significant additional detail. First, it makes it clear that Mr. DeWall took this action so as to induce GNB Bank supply financing to Voorhies in November of 2016 and October of 2017. (Adversary Complaint ("Ad. Comp.") ¶13). It also contains additional facts regarding the claim that Mr. DeWall intentionally diluted the company's bean inventory, as Section 22 states, "Defendant represented to bank and to Plaintiffs that several grain bins contained exclusively bushels of beans, when in reality the bins contained several thousand bushels of corn mixed in with the bushels of beans at the bottom of the bins to make it fraudulently appear that more bean inventory existed." (Ad. Comp. ¶22). The Adversary Complaint makes it clear that the Plaintiffs relied upon Mr. DeWall's representations in personally guaranteeing the GNB Bank loans, and that they incurred damages due to the collateral having a lesser value than Mr. DeWall led them to believe, and as a result of the collateral's spoilage due to mixing by Mr. DeWall. (Ad. Comp. ¶22). The facts pleaded with respect to Count I easily meet the standard in *Dawson* and *Parnes*.

Contrary to Mr. DeWall's assertion, the Plaintiffs also pleaded sufficient facts to survive a motion to dismiss with respect to Count II, i.e., that Mr. DeWall's debt is non-dischargeable under 11 U.S.C. 523(a)(2)(B), because it was obtained by use of a written statement that (i) is materially false; (ii) respecting the debtor's financial condition; (iii) on which the creditor reasonably relied; and (iv) that debtor caused to be made or published with the intent to deceive. *11 U.S.C. 523(a)(2)(B)*. Given that Plaintiffs are not required to plead their claims with detailed evidence, the facts set forth in paragraph 37 of the Adversary Complaint may well be sufficient to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. (Def. Mot. ¶19). However, it is not necessary for the Court to reach this issue, because there is significant additional detail in the factual background section. Section 17 indicates that the false and

4

counterfeit grain warehouse receipts "falsely represented the amount of grain inventory available to be used as collateral." (Ad. Comp. ¶17). Paragraph 19 provides that "Defendant intentionally misrepresented to the bank and to the Plaintiffs the quantity and quality of Voorhies Grain, Inc. assets, inventory, grain, and chemicals for the purpose of securing $8.5 million in financing between November 2016 and October of 2017." (Ad. Comp. ¶19). Paragraph 24 details GNB Bank's finding that the Defendant made material misrepresentations to both GNB Bank and the Iowa Department of Agriculture between May of 2017 and May of 2018 "in the form of 'false and misleading financial statements, false and misleading grain inventories, mysterious and unexplained missing chemical inventory, counterfeiting of grain warehouse receipts . . ." (Ad. Comp. ¶24). Lastly, paragraph 27 states that GNB Bank, the primary creditor on the loans guaranteed by Plaintiffs, was able to prove to its insurer that Mr. DeWall had engaged in fraud. (Ad. Comp. ¶27).

In reality, the facts relevant to each count in the Adversary Complaint overlap significantly. For example, all of the facts supporting Count II, which must be accepted as true for purposes of the current motion, are also evidence that Mr. DeWall obtained the financing from GNB Bank, which debt was guaranteed by the Sorensens by "false pretenses, a false representation, or actual fraud," i.e., evidence supporting Count I. These facts also refute the Defendant's alternative argument regarding Count III, that "[a]t paragraphs 41 and 42 of the Adversary Complaint, Plaintiffs make the bare assertions that Debtor 'engaged in fraud by intentionally supplying Plaintiffs and GNB Bank with materially false information" and "mix[ed] grain in the grain bins for purposes of deceiving Plaintiffs." The Defendant's statement that "Plaintiffs fail to provide additional facts to support that Debtor actually submitted financial information, let alone materially false information, to Plaintiffs . . ." strains credulity. Not only

5

does the Adversary Complaint detail the manner in which the statements provided by Mr. DeWall were false, it also indicates that GNB Bank reached the same conclusion and compiled evidence which was strong enough to convince its insurer of the merits of its claim for fraud. It simply cannot be said that the Adversary Complaint does not contain sufficient factual content to satisfy the "facial plausibility" standard, i.e., "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor can it be said it does not provide the Defendant with the degree of notice necessary for him to respond specifically and quickly to the potentially damaging allegations in the Adversary Complaint, which is the very purpose of the heightened particularity requirement in Fed. R. Civ. Pro. 9(b). See *Abels*, 259 F.3d at 920.

**B.      The Defendant ignores the second sentence of Rule 9(b), which provides that statements regarding malice, intent and knowledge may be alleged generally.**

Moreover, the Defendant completely ignores the second sentence of Rule 9(b), which provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Fed. R. Civ. Pro. 9(b)*. This principle is fatal to the Defendant's argument that the Plaintiffs have not alleged facts sufficient to demonstrate that Mr. DeWall had the requisite knowledge or intent to render the judgment against him non-dischargeable. (Def. Mot. ¶¶16, 19, 25, 29). Just as the facts underlying Counts I through III of the Adversary Complaint are alleged with sufficient particularity under the first sentence of Rule 9(b), the statements about the Defendant's mental state are sufficient per the second sentence of this rule. With respect to Count IV of the Adversary Complaint, the two issues are one and the same, as the Plaintiffs' claim under 11 U.S.C. §523(a)(6) is based entirely on "conditions of a person's mind," i.e., willfulness and malice on the part of Mr. DeWall. Hence, at this stage of the process, Plaintiffs

6

are permitted to allege the existence of these conditions "generally." Additional facts relevant to determining Mr. DeWall's mental state are expected to be uncovered through the discovery process.

**II.     COUNT III OF THE ADVERSARY COMPLAINT MUST SURVIVE AS THE DEFENDANT WAS ACTING IN A FIDUCIARY CAPACITY WITH RESPECT TO PLAINTIFFS AND VOORHIES GRAIN.**

The Defendant next claims that that Count III of the Adversary Complaint cannot survive a motion to dismiss because Mr. DeWall did not serve as a "fiduciary." Mr. DeWall quotes the case of *In re Long*, 774 F.2d 875 (8th Cir. 1985) for the principle that "[i]t has long been established that the Bankruptcy Act reference to 'fiduciaries' applies only to trustees of express trusts." (Def. Mot. ¶22; citing *Id*. at 878). *Long* does include this statement. However, the Court in *Long* went on to state the following:

> We recognize that there are cases charging individuals, by virtue of their corporate officer status, with the corporation's fiduciary duties. *In re Interstate Agency, Inc.*, 700 F.2d 121, 124-125 (6th Cir. 1985); *Matter of Whitlock*, 449 F.Supp. 1383, 1390 (W.D. Mo. 1978). To the extent these cases hold that a statute or other state law rule may create fiduciary status in an officer which is cognizable in bankruptcy proceedings, we agree. We question, however, the propriety of imposing a corporation's fiduciary duties on a stockholder-employee in the absence of such a local rule, and decline to do so outside the special contexts in which the doctrine arose.

*Long*, 774 F.2d at 878. In footnote 3, the court explains why Long's status as a stockholder/employee was not sufficient to make him a fiduciary with respect to the creditor in the adversary proceeding, Barclay's American/Business Credit, Inc. While it acknowledged the existence of Minnesota state law which defined Mr. Long as a fiduciary with respect to the corporation for which he served as an officer and that corporation's shareholders, the law did not make him a fiduciary with respect to third party creditors like Barclay's. *Id*. at fn. 3. The Sorensens are not unrelated third party creditors of the Defendant. Rather they are fellow

7

stockholders of the corporation for which Mr. DeWall served as manager. Iowa, like Minnesota, has long recognized that officers and directors are fiduciaries with respect to the corporation and its shareholders. *Cookies Food Products, Inc. v. Lakes Warehouse Distributing, Inc.*, 430 N.W.2d 447, 451 (Iowa 1988). Overall, *Long* hurts the Defendant significantly more than it helps him. While the reasoning in *Long*, arguably, provides supports for the claim that Mr. DeWall was not a fiduciary with respect to GNB Bank, it supports the Plaintiffs' claim that he was a fiduciary with respect to Voorhies and the Sorensens.

**III.    COUNT IV OF THE ADVERSARY COMPLAINT MUST SURVIVE AS PLAINTIFFS HAVE ALLEGED SUFFICIENT FACTS TO DEMONSTRATE THAT DEFENDANT'S ACTIONS WERE BOTH "WILLFUL" AND "MALICIOUS."**

Lastly, the Defendant argues that Count IV of the Adversary Complaint must be dismissed because the Plaintiffs have not alleged sufficient facts to demonstrate that Mr. DeWall's conduct was both "willful" and "malicious." (Def. Mot. ¶¶27-31). This argument also fails. As the Defendant acknowledges, the requirement that the injury be "willful" is satisfied if the result of an intentional tort. (Def. Mot. ¶28; citing *In re Waugh*, 95 F.3d 706, 711 (8th Cir. 1996)). Because an intentional tort, i.e., fraud, forms the very basis of the Plaintiffs' claims against the Defendant, the "willfulness" element of 11 U.S.C. §523(a)(6), will be satisfied by proving the elements of fraud. Put another way, because the Plaintiffs have alleged sufficient facts to demonstrate that Mr. DeWall acted with fraudulent intent, they have alleged sufficient facts to demonstrate that his conduct was "willful." Again, it bears emphasizing that the second sentence of Fed. R. Civ. Pro. 9(b) provides that "conditions of a person's mind may be alleged generally." *Fed R. Civ. Pro. 9(b)*. It also bears emphasizing that one of the specific "conditions of the mind" referenced in the second sentence of Rule 9(b) is "malice." The Defendant is correct that "malice" is a separate element that cannot be satisfied merely by demonstrating that

the injury to the Sorensens was the result of an intentional tort. However, Mr. DeWall is incorrect that the Adversary Complaint fails to plead this element sufficiently to survive a motion to dismiss Count IV. While the Plaintiffs must demonstrate that the Defendant intended the resulting harm, the Sorensens are not required to demonstrate that Mr. DeWall had a subjective desire to cause the harm, only that his conduct "was certain or almost certain" to do so. *Dawson*, 264 B.R. at 17 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

Significantly, the case law provides that the court "may look at the likelihood of harm in an **objective** sense to evaluate [a debtor's] intent in finding malice." *Id*. (citing *Long*, 774 F.2d at 881)(Emphasis added). The Adversary Complaint alleges that Mr. DeWall knowingly made false representations regarding the quantity and quality of the collateral available and the financial condition of Voorhies, so as to induce the Sorensens to personally guaranty the $8.5 million debt to GNB. (Adversary Complaint ¶¶16-19). Because the Defendant knew that Voorhies was not in a financial position to satisfy its significant debt to GNB, and that the proceeds of the collateral would not be sufficient to do so in the event of a default, Mr. DeWall knew there was an objective likelihood of harm to the Sorensens as a result of his actions, because there was an objective likelihood that they would be called upon to make payment to GNB pursuant to their guarantees Hence, the facts set forth in the Adversary Complaint are sufficient to satisfy the "malice" element of 11 §U.S.C. 523(a)(6), whether or not Mr. DeWall actually desired to cause harm to the Sorensens.

**IV.    IN THE EVENT THE COURT DETERMINES THAT ONE OR MORE COUNTS ARE NOT PLED WITH SUFFICIENT PARTICULARITY, THE PLAINTIFFS REQUEST LEAVE TO AMEND THE ADVERSARY COMPLAINT TO CURE ANY DEFICIENCES.**

For the foregoing reasons, the Plaintiffs submit that the Adversary Complaint meets the standard in Rule 9(b) of the Federal Rules of Federal Procedure and that the Defendant's motion should be denied in its entirety. However, should the Court conclude that one or more of the counts in the Adversary Complaint were not pled with sufficient specificity, the appropriate action would be to grant the Plaintiffs leave to amend the Adversary Complaint. Fed. R. Civ. Pro. 15(a) provides that the Court should freely grant leave to amend "when justice so requires." *Fed. R. Civ. Pro. 15(a)*. None of the factors recognized as grounds for denying leave to amend generally, i.e., bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the non-moving party, or futility, are present in this case. See *Doe v. Cassel*, 403 F.3d 986, 990-991 (8th Cir. 2005).

Moreover, "[c]omplaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend." *Luce v. Edelstein*, 802 F.2d 49, 56-57 (2nd Cir. 1986); also see *Remmes v. International Flavors & Fragrances*, 389 F.Supp.2d 1080, 1090 (N.D. Iowa 2005)("A plaintiff is usually permitted to amend the complaint to replead fraud with particularity." (Citing *Burlington Coat Factory Secs. Litig*, 114 F.3d 1410, 1435 (3d. Cir. 1997)). Cases in which plaintiffs are denied leave to amend are generally cases in which they have "already had one opportunity to plead fraud with greater specificity." *Remmes*, 389 F.Supp.2d at 1090 (citing *Luce*, 802 F.2d at 56-57). This is not such a case, as the Plaintiffs have made no prior application for leave to amend the Adversary Complaint. In *Luce*, the United States Court of Appeals for the Second Circuit concluded that the trial court had abused its discretion by dismissing certain fraud claims

10

under Rule 9(b) without permitting plaintiffs leave to amend to plead these claims with greater

specificity. *Id*. at 56-57. Therefore, should the court agree with any of the Defendant's arguments

regarding Rule 9(b) of the Federal Rules of Civil Procedure, the dismissal of any count on this

ground must be made with leave to amend.

WHEREFORE, the Plaintiffs, Harold and Julie Sorensen, respectfully request that the

Defendant's Motion to Dismiss the Adversary Complaint be denied in its entirety; or,

alternatively, should the court determine that one or more counts do not meet the standard in Fed.

R. Civ. Pro. 9(b), that Plaintiffs be granted leave to amend the Adversary Complaint to cure any

deficiencies.

<div style="margin-left: 50%;">

Respectfully submitted,

 */s/ Kevin D. Ahrenholz*
Kevin D. Ahrenholz      AT0000438
For BEECHER, FIELD, WALKER,
MORRIS, HOFFMAN & JOHNSON, P.C.
620 Lafayette Street, Suite 300
Waterloo, IA 50704
PHONE: 319-234-1766
FACSIMILE: 319-234-1225
Attorney for Plaintiffs

</div>

<div style="text-align: center;">CERTIFICATE OF SERVICE</div>

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the following persons indicated below:

US Trustee
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA  52401-2101

Carol F. Dunbar, Trustee
2616 Orchard Dr., Ste. B
Cedar Falls, IA 50613
Ronald C. Martin
P.O. Box 2877
Cedar Rapids, IA 52406

Harold & Julie Sorensen
6903 Ranchero Rd.
Cedar Falls, IA 50613

<div style="text-align: center;">11</div>

by ECF, or by enclosing the same in an envelope with postage fully paid, and by depositing said envelope in a United States Postal Service depository in Waterloo, Iowa.  I declare under penalty of perjury that the foregoing is true and correct.

      Dated this 7th day of December, 2021.

                                                          */s/ Courtney Petersen*

12