**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: | Bankruptcy No. 21-00657 |
| NOLAN OTTO DEWALL and AMANDA SUE DEWALL, | Chapter 12 |
| Debtors. | Adversary No. 21-09028 |
| ------------------------------------------------------- | |
| HAROLD AND JULIE SORENSEN, | |
| Plaintiffs, | DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES |
| v. | |
| NOLAN OTTO DEWALL, | |
| Defendant. | |

COMES NOW Nolan Otto DeWall, as Defendant by and through his undersigned counsel, and for his Answer to Plaintiffs' Complaint and Affirmative Defenses shows to the Court as follows:

**ANSWER TO COMPLAINT**

**PARTIES**

1.      This is a proceeding objecting to the dischargeability of debts, and for a determination of non-dischargeability of debts, and for an entry of judgment on nondischargeable debts.  As such, this matter is properly brought as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

**RESPONSE**: Paragraph 1 does not contain an allegation of fact and merely states that the complaint is one objecting to dischargeability of the debt and is brought pursuant to Federal

Rule of Bankruptcy Procedure 7001(6). As such, Defendant can either admit or deny the contents of Paragraph 1.

2.     Plaintiffs, Harold and Julie Sorensen are residents of Black Hawk County, Iowa.

**RESPONSE:**  Defendant lacks specific information regarding Plaintiffs' residency to admit or deny the allegations in Paragraph 2.

3.     Defendant, Nolan Otto DeWall (hereafter "Defendant") is a resident of Black Hawk County, Iowa.

**RESPONSE:** Defendant admits the allegations of Paragraph 3.

4.     Nolan DeWall is the Debtor in the above captioned bankruptcy case which he commenced jointly with his spouse on July 20, 2021.

**RESPONSE:**  Defendant admits the allegations in Paragraph 4.

### JURISDICTION

5.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under 11 U.S.C. § 523(a).

**RESPONSE:** Defendant admits the allegations in Paragraph 5.

### VENUE

6.     Venue lies in the Northern District of Iowa under 20 U.S.C. § 1409(a); all parties are residents of the Northern District of Iowa.

**RESPONSE:**  Defendant admits the allegations in Paragraph 6 to the extent that he is a resident of the Northern District of Iowa. Defendant lacks specific information as to the residency of Plaintiffs to either admit or deny all other allegations of Paragraph 6; however, the Debtor consents to venue in the United States Bankruptcy Court for the Northern District of Iowa.

**CORE STATUS**

7.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1) as Plaintiffs seek determination as to the dischargeability of a debt under 11 U.S.C. § 523(a).

**RESPONSE:** Defendant agrees that this matter is a core proceeding.

**FACTUAL BACKGROUND**

8.      Plaintiffs and Defendant were shareholders of Voorhies Grain, Inc., (hereinafter referred to as "Voorhies") a grain elevator in the business of storing, buying, and selling grain and other farm-related products.

**RESPONSE:**  Defendant admits the allegations in Paragraph 8. Defendant further states that Plaintiffs brought him on as manager of Voorhies and in doing so part of his compensation package was to receive shares of Voorhies. Defendant was at no time an equal shareholder of Voorhies.

9.      Plaintiffs hired Defendant to serve as the Manager of Voorhies, and Defendant oversaw the day-to-day operations of Voorhies.

**RESPONSE:**  Defendant admits the allegations in Paragraph 9.

10.     Defendant acquired shares of Voorhies and increased his status as a shareholder by virtue of his managerial duties.

**RESPONSE:** Defendant admits the allegations in Paragraph 10. Defendant further states that he received shares of Voorhies as part of his compensation for his managerial duties and at no time was he an equal shareholder with Plaintiffs.

11.     Plaintiffs became more passive in the endeavor as Defendant's role as Manager increased to the point where the Defendant was in charge of virtually all of the day-to-day decisions and operations of Voorhies, to the exclusion of all other shareholders.

**RESPONSE:**  Defendant admits the allegations of Paragraph 11 insofar as he acted as Manager of Voorhies, and in doing so made many of the day-to-day decisions regarding the operations of Voorhies. He DENIES all other allegations of Paragraph 11.

12.  To fund going operations, Voorhies received financing from GNB Bank in Grundy Center, Iowa.

**RESPONSE:** Defendant admits the allegations in Paragraph 12 insofar as Voorhies obtained loans from and had accounts with GNB Bank.

13.  In order to induce GNB Bank to supply financing to Voorhies, Plaintiffs Harold and Julie Sorensen personally guaranteed repayment of the promissory notes executed by Voorhies.

**RESPONSE:**  Defendant admits the allegations in Paragraph 13 to the extent that, to the best of his knowledge, Plaintiffs personally guaranteed repayment of promissory notes executed by Voorhies to GNB Bank. Defendant DENIES all other allegations in Paragraph 13.

14.  Specifically, GNB Bank loaned $6,000,000.00 to Voorhies pursuant to a promissory note dated November 3, 2016.  GNB Bank loaned another $2,500,000.00 to Voorhies pursuant to a promissory note dated October 26, 2017.  This promissory note matured April 25, 2019.

**RESPONSE:**  Defendant admits the allegations in Paragraph 14 to the extent that, to the best of his knowledge, GNB Bank loaned the aforementioned funds to Voorhies. Defendant DENIES all other allegations in Paragraph 14.

15.  As collateral for these notes, Plaintiff's Harold and Julie Sorensen personally guaranteed the notes.

**RESPONSE:** Defendant admits the allegations in Paragraph 15 to the extent that, to the best of his knowledge, Plaintiffs personally guaranteed repayment of promissory notes

executed by Voorhies to GNB Bank. Defendant DENIES all other allegations in Paragraph 15.

16.     In an effort to induce GNB Bank to approve these loans and finance Voorhies, and in an effort to induce Harold and Julie Sorensen to personally guaranty these loans, Defendant intentionally and knowingly made false representations to GNB Bank and to Plaintiffs regarding the inventory, collateral position, and the financial status of Voorhies.  Defendant's statements and actions were fraudulent.

> **RESPONSE:** Defendant DENIES all allegations in Paragraph 16 and further states that he did not knowingly or intentionally make false representations to either GNB Bank or to Plaintiffs in any regard.

17.     In an effort to induce the bank to lend money to Defendant's company, and in order to induce Plaintiffs to personally guarantee the loan from the bank to Defendant's company (Voorhies), Defendant prepared and presented to the bank and to Plaintiffs false and counterfeit grain warehouse receipts, which falsely represented the amount of grain inventory available to be used as collateral to secure the loans from the bank, and to induce the personal guarantees from the Plaintiffs.

> **RESPONSE:** Defendant DENIES the allegations in Paragraph 17. Defendant further states that he neither prepared nor presented to GNB Bank or Plaintiffs false grain warehouse receipts.

18.     Defendant prepared and presented false information for the preparation of false and fraudulent financial statements and financial documentation relied upon by the bank in approving financing for Voorhies, which was relied upon by Plaintiffs in personally guaranteeing the loans to the bank.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 18 and further states that he neither prepared nor presented false information to any party.

19.     Defendant intentionally misrepresented to the bank and to the Plaintiffs the quantity and quality of Voorhies Grain, Inc. assets, inventory, grain, and chemicals for the purpose of securing $8.5 million in financing between November 2016 through October 2017, representations were relied upon by the bank in its decision to extend financing to Voorhies, and representations that were relied upon by Plaintiffs in personally guaranteeing the loans to the bank.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 19 and further states that he in no way intentionally misrepresented to either the bank or to Plaintiffs any information.

20.     While under the management and control of Defendant, Voorhies lost chemical inventory with an approximate value of $500,000.00.  The reduction in collateral harmed Plaintiffs in that the shortfall was covered and paid for by Plaintiffs by virtue of the personal guarantee that it made on the Voorhies loans to the bank.

**RESPONSE:** Defendant admits the allegation in Paragraph 20 that certain chemical inventory was lost while he was employed as manager of Voorhies, which resulted in a reduction of collateral that was paid for by Plaintiffs. Defendant DENIES any responsibility for the lost chemical inventory.

21.     While under Defendant's management and control, Voorhies grain inventory was overstated as significant amounts were missing, or in transit and unaccounted for.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 21.  Defendant further states that as manager he was not "in control" of the Voorhies corporation.

6

22.     Defendant represented to the bank and to Plaintiffs that several grain bins contained exclusively bushels of beans, when in reality the bins contained several thousand bushels of corn mixed in with the bushels of beans at the bottom of the bins to make it fraudulently appear that more bean inventory existed.  The reduced value in inventory caused damages to the bank, and to Plaintiffs.  The mixture of collateral caused additional damage to the collateral through spoilage.

     **RESPONSE:** Defendant DENIES the allegations in Paragraph 22. Defendant additionally states that through operator error of the "leg elevator system" soybeans were inadvertently placed on top corn. The event was accidental and was not done as an intentional act.

23.     In order to induce additional financing from the bank and from Plaintiffs, Defendant fraudulently under-reported the amount of damaged grain, causing damage to the bank and to Plaintiffs.

     **RESPONSE:** Defendant DENIES the allegations in Paragraph 23.

24.     As a result of Defendant's fraud, GNB Bank filed a "Theft/Fraud" claim with its insurer Zurich American Insurance Company/Colonial American Casualty & Surety on June 26, 2019, alleging, among other allegations, that Defendant Nolan DeWall made misrepresentations of material fact to GNB Bank and to the Iowa Department of Agriculture on or about May 2017 through May 2018 in the form of "false and misleading financial statements, false and misleading grain inventories, mysterious and unexplained missing chemical inventory, counterfeiting of grain warehouse receipts for collateral purposes in order to secure additional financing and the extension of credit by purporting there was a certain amount of grain inventory and that quality and condition of the grain inventory was available for sale as #2 quality grain."

     **RESPONSE:** Defendant admits that GNB filed a claim with its insurance company and an investigation ensued. Defendant DENIES all other allegations in Paragraph 24.

25.     GNB Bank sought payment from Plaintiffs Harold and Julie Sorensen on the personal guarantees they signed, securing the Voorhies notes.

**RESPONSE:** Defendant lacks specific information to either admit or deny the allegations in Paragraph 25 and thus the allegations are DENIED.

26.     GNB Bank and the Sorensens entered into a loan agreement on September 5, 2019 (loan number 4191220) for the repayment of the personally guaranteed Voorhies debt in the amount of $3,422,935.00.

**RESPONSE:** Defendant lacks specific information regarding Plaintiffs' agreement with GNB Bank to admit or deny the allegations in Paragraph 26 of Plaintiffs' Complaint, therefore the allegations are DENIED.

27.     GNB proved to its bond company that Defendant Nolan DeWall engaged in fraud and thereby recovered $1,500,000.00 on its fraud claim, and applied $1,160,502.65 toward the Voorhies debt.  Additional Voorhies collateral was sold and applied toward the Voorhies debt in the amount of $192,711.51, leaving a principal balance owed on this note 4191220 of $2,069,720.84.

**RESPONSE:** Defendant lacks specific information regarding GNB's investigation with its bond company to admit or deny the allegations in Paragraph 27, therefore the allegations are DENIED. Defendant admits that Voorhies collateral was sold and applied toward the Voorhies debt. Defendant DENIES committing any and all fraud.

28.     Plaintiffs made an interest payment of $80,837.85 to GNB Bank on June 30, 2020.

**RESPONSE:** Defendant lacks specific knowledge to either admit or deny the allegation in Paragraph 28 of Plaintiffs' Complaint, therefore the allegations is DENIED.

29.     The loan continues to accrue interest at 4.25%.

**RESPONSE:** Defendant lacks specific knowledge to either admit or deny the allegation in Paragraph 28 of Plaintiffs' Complaint, therefore the allegation is DENIED.

30.     This loan is a direct result of the liability Plaintiffs have incurred on its personal guarantee of debt owed to GNB Bank by Voorhies.  Plaintiffs would not have provided a personal guarantee had Defendant not deceived Plaintiffs with the counterfeit grain receipts, false financial statements, or engaged in fraud, and would therefore not be in debt to the bank on note 4191220.

**RESPONSE:** Defendant DENIES all of the allegations in Paragraph 30.

## COUNT I
## 11 U.S.C. § 523(a)(2)(A)

31.     Plaintiffs restate and re-allege paragraphs 1-29 as if fully set forth herein.

**RESPONSE:** Defendant incorporates by reference his responses to Paragraphs 1-30 above as if fully set forth herein.

32.     Defendant Nolan DeWall obtained financing from GNB Bank that was personally guaranteed by Plaintiffs, and obtained such financing by false pretenses, false representations, or actual fraud.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 32.

33.     Defendant intentionally diluted bean inventory for the purposes of deceiving Plaintiffs to induce Plaintiffs into extending credit to Defendant's company, and personally guaranteeing that debt.  It further caused damage as a result of reduced inventory to serve as collateral resulting from the spoilage of the crop.

**RESPONSE:** Defendant DENIES all allegations in Paragraph 33.

34.     Defendant's conduct was intentional, and was done with the intent to deceive Plaintiffs.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 34.

9

35.    As a proximate result of Defendant's fraud, Plaintiffs have been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25% per annum, plus costs of this action.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 35.

**WHEREFORE**, Defendant Nolan DeWall requests that the Court dismiss Count I of the Complaint, enter judgment in his favor and against Plaintiffs, tax all allowable costs and fees against the Plaintiffs including reasonable attorney fees expended in defending this matter, and provide such further relief as is equitable under the circumstances.

## COUNT II
## 11 U.S.C. § 523(a)(2)(B)

36.    Plaintiffs restate and re-allege paragraphs 1-35 as if fully set forth herein.

**RESPONSE:** Defendant incorporates by reference his responses to Paragraphs 1-35 above as if fully set forth herein.

37.    Defendant provided GNB Bank and the Plaintiffs with false financial statements and counterfeit grain warehouse receipts, among other fraudulent documents, intentionally, and with the intent to deceive the Plaintiffs.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 37.

38.    These documents were materially false respecting Defendant's company, upon which GNB Bank and Plaintiffs reasonably relied in extending further credit and personally guaranteeing the debt.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 38.

39.    As a proximate result of Defendant's fraud, Plaintiffs have been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25% annum, plus costs of this action.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 39.

**WHEREFORE**, Defendant Nolan DeWall requests that the Court dismiss Count II of the Complaint, enter judgment in his favor and against Plaintiffs, tax all allowable costs and fees against the Plaintiffs including reasonable attorney fees expended in defending this matter, and provide such further relief as is equitable under the circumstances.

## COUNT III
### 11 U.S.C. § 523(a)(4)

40.    Plaintiffs restate and re-allege paragraphs 1-39 as if fully set forth herein.

    **RESPONSE:** Defendant incorporates by reference his responses to Paragraphs 1-39 above as if fully set forth herein.

41.    Defendant was the acting manager of Voorhies, and was acting in a fiduciary capacity to Plaintiffs as a co-shareholder and as the manager of the company when he engaged in fraud by intentionally supplying Plaintiffs and GNB Bank with materially false information about the financial condition and collateral position of Voorhies.

    **RESPONSE:** Defendant admits to acting as manager of Voorhies and admits to being a co-shareholder. Defendant DENIES all other allegations in Paragraph 41.

42.    Defendant committed fraud by mixing grain in the bins for purposes of deceiving Plaintiffs as to Voorhies collateral position for the purpose of inducing additional financing, and for failing to account for significant quantities of inventory.

    **RESPONSE:** Defendant DENIES the allegations in Paragraph 42.

43.    As a proximate result of Defendant's fraud, Plaintiffs have been damaged in the amount of $2,069,720.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25% annum, plus costs of this action.

    **RESPONSE:** Defendant DENIES the allegations in Paragraph 43.

11

**WHEREFORE**, Defendant Nolan DeWall requests that the Court dismiss Count III of the Complaint, enter judgment in his favor and against Plaintiffs, tax all allowable costs and fees against the Plaintiffs including reasonable attorney fees expended in defending this matter, and provide such further relief as is equitable under the circumstances.

## COUNT IV
### 11 U.S.C. § 523(a)(6)

44. Plaintiffs restate and re-allege paragraphs 1-43 as if fully set forth herein.

**RESPONSE:** Defendant incorporates by reference his responses to Paragraphs 1-43 above as if fully set forth herein.

45. Defendant's intentional misrepresentations were done with the intent to deceive Plaintiffs into extending credit to Defendant's company, credit that otherwise would not have been extended or personally guaranteed had Defendant not engaged in fraudulent conduct.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 45.

46. Defendant's misrepresentations were willful and malicious, causing damage to Plaintiffs and to Plaintiffs' property.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 46.

47. As a proximate result of Defendant's fraud, Plaintiff has been damaged in the amount of $2,069,7203.84 in principal, $80,837.85 in interest paid on the note, and accrued pre-judgment and post judgment interest at the rate of 4.25 annum, plus costs of this action.

**RESPONSE:** Defendant DENIES the allegations in Paragraph 47.

**WHEREFORE**, Defendant Nolan DeWall requests that the Court dismiss Count IV of the Complaint, enter judgment in his favor and against Plaintiffs, tax all allowable costs and fees against the Plaintiffs including reasonable attorney fees expended in defending this matter, and provide such further relief as is equitable under the circumstances.

12

**AFFIRMATIVE DEFENSES**

Defendant further asserts the following defenses and states:

1. Count I of Plaintiffs' Complaint fails to state claims against Defendant upon which relief can be granted under 11 U.S.C. § 523(a)(2)(A). Plaintiffs never allege that Defendant obtained money from them. Instead, they state that Voorhies Grain, Inc. borrowed money from GNB Bank, and they guaranteed payment of the loan.

2. Similar to Count I, Count II of Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted under 11 U.S.C. § 523(a)(2)(B). As stated above, Voorhies Grain, Inc. received financing from GNB Bank that was personally guaranteed by Plaintiffs, but Defendant never did.  Plaintiffs never allege that Defendant obtained money from them.

3. Count III of the Complaint fails to state a claim against Defendant  under 11 U.S.C. § 523(a)(4) because Plaintiffs did not plead that an express trust fiduciary relationship existed between Plaintiffs and Defendant. Defendant was not an officer or director of Voorhies Grain, Inc. He was an employee and shareholder.

4. Count IV of the Complaint fails to state a claim against Defendant for willful and malicious injury under 11 U.S.C. § 523(a)(6) because Plaintiffs do not allege that Defendant intended to specifically injure Plaintiffs. Instead, Plaintiffs allege that Defendant, in his capacity as manager, misinformed GNB regarding assets, expenses, and cashflow to induce GNB to loan money to Voorhies Grain, Inc. Plaintiffs do not allege any facts to indicate how they believe that Defendant profited directly from his actions or provide any reason why he would want to hurt Plaintiffs financially.

5. Plaintiffs are not the real parties in interest. Assuming for the sake of this Answer, but not conceding the ultimate question, any actions taken while managing Voorhies Grain, Inc.'s operations damaged Voorhies Grain, Inc. and or GNB Bank. Accordingly, any action against Defendant lies with Voorhies Grain, Inc. or GNB Bank.

6. Plaintiffs were contributory at fault. They were negligent in their duties as officers and directors of Voorhies Grain, Inc. Mr. Sorensen was President and Mrs. Sorensen was the bookkeeper for Voorhies Grain, Inc. Accordingly, they owed a fiduciary to all shareholders and duty of loyalty to the company. As officers and bookkeeper, they should have been aware of any false financial statements produced and issued on behalf of Voorhies Grain, Inc. They should have been involved in the governance of the company and therefore, should have identified any irregularities in the business. Plaintiffs, as officers and directors, may delegate authority to act to a manger, but they cannot delegate responsibility for the actions taken under that authority.

7. Under the doctrine of *in pari delicto*, Plaintiffs cannot assert a claim and recover damages from Defendant when they are equally at fault for not monitoring the financial situation of Voorhies Grain, Inc. and did not supervise Defendant in his job as manager. Plaintiffs concede as much by stating they became "passive in the endeavor" and Defendant was "in charge of virtually all of the day-to-day decisions and operations of Voorhies." Plaintiffs concede that they were delinquent in their duties as officers and directors of Voorhies.

WHEREFORE, Defendant requests that the Court enter judgment in his favor and against Plaintiffs dismissing with prejudice Plaintiffs' Complaint and assessing the costs against Plaintiffs and awarding Defendant his costs in defending this action including reasonable attorneys' fees.

Dated this 12th day of April, 2022

Respectfully submitted,

DAY RETTIG MARTIN, P.C.

/s/ Samantha R. Kuntz
Samantha R. Kuntz AT0014985
/s/ Ronald C. Martin
Ronald C. Martin
PO Box 2877
Cedar Rapids, Iowa  52406-2877
Telephone: (319) 365-0437
FAX: (319) 365-5866
E-mail: samantha@drpjlaw.com
         ronm@drpjlaw.com
ATTORNEYS FOR DEBTORS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April 2022, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System. The undersigned further certifies the foregoing document was sent to persons or representatives via electronic mail or U.S. Mail postage pre-paid as set forth below.

Signed: /s/ Rebecca Daniels

15